By the Court.
This is an action in mandamus. The relator, the city of Bucyrus, brings the action against the Industrial Commission, seeking a writ of mandamus to compel the commission to take jur *505 isdietion of a claim filed with, the commission for compensation, medical services, nursing, and hospital bills incurred by reason of injury to an employee of the city. The petition alleges that one William Heckenhauer was in the fire department as an employee of the city; that he was injured on March 3, 1929, while discharging his duty as a fireman; and that the injury caused his death on March 12th following. He died with no dependents surviving him. On March 11th, a claim for compensation, and for medical services, nursing, and hospital bills incurred, was filed with the commission by the injured employee. After his death his administrator filed an application with the commission for the payment of the medical bills, hospital bills, and nursing, aggregating $253.10. The commission considered the claim filed, and entered upon its record that the commission had no jurisdiction in the premises, and for that reason denied the claim. It is said in the petition that this action of the commission was based upon the fact that the city at the time of the injury maintained a “Fireman’s Indemnity Fund,” and for that reason the commission decided that it had no jurisdiction in this case. The respondent demurs generally to the petition.
The action of the commission in rejecting the claim for want of jurisdiction is important, but the reason assigned for such action may not be important. The Workmen’s Compensation Law authorizes the commission to award compensation to the injured employee, or to his dependents, if death intervenes, and to no one else; but it is the practice of the commission, in the event of death, to recognize the administrator for the purpose of payment *506 for medical services, hospital bills, and the like, under certain restrictions named in the law. We know of no law authorizing the city of Bucyrus to collect from the commission amounts to meet the bills for medical services, hospital bills, and nursing, notwithstanding the fact that these services were rendered at the solicitation of the city. A writ of mandamus is issued to enforce the doing of an act that is particularly specified in the law as an obligation upon the commission. Such is not the condition in this case. The commission has already acted, and already reached the conclusion that it has no jurisdiction, and has so decided in this case; therefore mandamus, even if the claimant were alive and requesting the writ of mandamus himself, would have to be denied, on the very sufficient ground that an adequate remedy at law is provided for the review of the wrongful action, if it be wrongful, of the commission. For this reason, and for the reason that the city is without right in the premises, the writ of mandamus will be denied.

Writ denied.

Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.